UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

TIMOTHY PAUL BROUSSARD

VERSUS

EDWARDS LIFESCIENCES L L C

CASE NO.  2:26-CV-02477

JUDGE JAMES D. CAIN, JR.

MAGISTRATE JUDGE LEBLANC

## MEMORANDUM ORDER

Before the court is a *Motion to Seal Attached Document* filed by defendant Edwards Lifesciences LLC ("Edwards").  Doc. 2.  The motion seeks to seal the Amended Petition for Damages ("Amended Petition") attached as Exhibit "B" to the Notice of Removal.  *Id*.  For the reasons that follow, the motion is **DENIED** and the unredacted version of the Amended Petition [doc. 2, att. 3] shall be filed into the record.

This matter arises from the death of Brenda Carol Guidry.  In the state court petition, Timothy Paul Broussard, individually and on behalf of his deceased mother, alleges that a medical device designed and manufactured by defendant Edwards failed or malfunctioned during transcatheter aortic valve replacement surgery, causing Ms. Guidry's death.  Doc. 2, att. 3.

Defendant Edwards removed the action.  Doc. 1.  Prior to removal, the state court sealed the Amended Petition on Plaintiff's motion.  Plaintiff asked that the Amended Petition be sealed "[o]ut of an abundance of caution" because "it may reference information that was provided to Plaintiff pursuant to a Protective Order."  Doc. 2, att. 3, pp. 5-6.  In this court, Edwards now moves to seal the Amended Petition.  Doc. 2.

1

Edwards states that the Amended Petition contains information produced pursuant to a protective order that was "never intended to be disseminated outside of Edwards," explaining that the Amended Petition

> references and quotes confidential internal information that was provided to Plaintiff pursuant to a Protective Order entered by the Court on March 13, 2026, attached to the Notice of Removal as Exhibit "C." The information relates to internal investigations Edwards conducted on the product at issue in this case, including reference to manufacturing and design specifications for the product. The information was proprietary and confidential, is business information that is not normally disclosed to the public, and disclosure of such information could be severely injurious to Edwards.

Doc. 2, att. 1., pp. 1–2.

The public enjoys presumptive access to documents filed on the Court's docket. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). The Court has a "solemn duty to promote judicial transparency" by undertaking "a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Id*. at 419–20 (internal quotation marks and additional citations omitted). The United States Fifth Circuit Court of Appeals recently summarized the law respecting sealing court records in this circuit:

> The public has a common law right of access to judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597–98 (1978). "Judicial records are public records." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 416 (5th Cir. 2021). Public access serves important interests in transparency and the "trustworthiness of the judicial process." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019)). Sealing judicial records is therefore "heavily disfavor[ed]." *Id.*

> This right of access, however, is "not absolute." *Nixon*, 435 U.S. at 598. "Every court has supervisory power over its own records and files," *id.*, and, when appropriate, courts may order that case documents be filed under seal, Fed. R. Civ. P. 5.2(d). To determine whether a judicial record should be sealed, the court "must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."

2

*Le*, 990 F.3d at 419 (internal quotations omitted). Because of the court's duty to protect the public's right of access, the district court must balance these interests even if the parties agree to seal records. *See, e.g., BP Expl. & Prod.*, 920 F.3d at 211–12 ("[P]rivate litigants should not be able to contract [the public right of access] away.... [I]t is for judges, not litigants, to decide whether the justification for sealing overcomes the right of access."). Sealing documents should be the exception, not the rule. *Le*, 990 F.3d at 418.

\* \* \*

That said, public information cannot be sealed. *June Med. Servs.*, 22 F.4th at 520. And the district court must also consider whether alternative measures, such as redaction or pseudonymity, would instead sufficiently protect the privacy interests at issue. *See, e.g., United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023) (noting that redaction is often, but not always, "practicable and appropriate as the least restrictive means of safeguarding sensitive information").

*Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at \*2–3 (5th Cir. Mar. 7, 2024)(footnotes omitted).  A party's interest in sealing information that competitors would use to its disadvantage can overcome the public's right to access judicial records. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Only a specific threat of competitive harm may justify sealing. *Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019).

Neither the fact a motion to seal is unopposed nor the fact the information at issue is "confidential" is dispositive or alone sufficient to warrant an order placing the documents under seal. *See Sealed Appellant*, 2024 WL 980494 at \*2 (citing *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211-12 (5th Cir. 2019));  *see also Wash World Inc. v. Belanger Inc.*, 666 F. Supp. 3d 808, 833 (E.D. Wis. 2023), *appeal dismissed*, No. 2023-1841, 2023 WL 5955228 (Fed. Cir. Sept. 13, 2023) ("Neither bare assertions of confidentiality nor the agreement of the parties is sufficient to establish the good cause necessary to warrant restricting documents from the public."); *James Lee Constr., Inc. v. Gov't Emps. Ins. Co.*, 339 F.R.D. 562, 575–76 (D. Mont. 2021) ("the Confidentiality Agreement is not dispositive of whether the documents should remain sealed under the 'compelling reasons' standard." (citation omitted)).  Instead, "[t]he secrecy of

3

judicial records, *including stipulated secrecy*, must be justified and weighed against the presumption of openness that can be rebutted only by compelling countervailing interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 421 (emphasis added).

Having reviewed the Amended Petition, the court does not perceive a basis to seal the pleading that is sufficient to overcome the public's right of access to judicial records.  The Amended Petition describes design specifications for the medical device and posits a specific mechanism by which it failed during use, based in part on Edward's post-event device investigation.  At least some of the design specifications and usage parameters would have been made available to medical provider customers in literature concerning the device, as well as to the U.S. Food and Drug Administration as part of its regulatory processes, rendering it non-confidential.  And at least some of Edwards' investigative findings are alleged to have become public record.  The Amended Petition indicates that, on plaintiff's information and belief, Edwards was required to report adverse events related to the device to the U.S. Food and Drug Administration, and that plaintiff has requested such report(s) via Freedom of Information Act request.  Doc. 2, att. 3, p. 17.  Additionally, since the cause of the device/procedure failure is the central inquiry in this litigation, details regarding the device and its use in Ms. Guidry's surgery are bound to be revealed during the course of this litigation.  Because the presumption of openness outweighs movant's interest in maintaining the secrecy of these internal investigations and design specifications, the motion is denied.

**SO ORDERED** at Lake Charles, Louisiana, this 16th day of July, 2026.

**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**

4